UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric R. CRIPE,<br><br>                                  Petitioner,<br>v.<br>Joseph TUGGLE, et al.,<br>                                  Respondents. | Case No.: 24-cv-1697-AGS-LR<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner Eric R. Cripe, a state prisoner, seeks a writ of habeas corpus and permission to proceed without paying the filing fee. While Cripe qualifies to skip the filing fee, his case must be dismissed.

### MOTION TO PROCEED IN FORMA PAUPERIS

Cripe has $0.56 in his prisoner trust account and thus cannot afford the $5.00 filing fee. (*See* ECF 2, at 7.) So, the Court **GRANTS** Cripe's motion and allows him to prosecute this action without prepaying fees or costs and without posting security.

### FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

The petition, however, must be dismissed because "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." R. 4, Rules Governing Section 2254 Cases. To present a cognizable federal habeas corpus claim, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," *and* that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). It's this last requirement that trips up Cripe's claim.

In the sole claim in his petition, Cripe alleges that the trial court erred in admitting evidence in his case under California Evidence Code § 1101(b)(1) and asserts the evidence should have been excluded under California Penal Code § 352. (*See* ECF 1, at 6, 9-14.) But Cripe but does not assert or allege any federal constitutional violation arising from the asserted state-law error. (*See id.*) An argument that "evidence was incorrectly admitted

pursuant to California law" is "no part of a federal court's habeas review of a state conviction" since "habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 64, 67 (1991). Thus, Cripe doesn't offer a cognizable claim that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. So his petition must be dismissed.

Further, the Court notes that Cripe cannot simply amend his petition to state a federal habeas claim and then refile, unless he also alleges that he has exhausted state judicial remedies as to that federal claim. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, California state prisoners must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in their federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.

The Court additionally cautions Cripe that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The statute of limitations is tolled while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, absent some other basis for tolling, the statute of limitations continues to run while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Cripe's motion to proceed in forma pauperis and **DISMISSES** the petition without prejudice. If Cripe wishes to proceed with this habeas action, he must, no later than **November 26, 2024**, file an amended petition that cures the identified deficiencies. The Clerk of Court is directed to mail Cripe a blank Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 together with a copy of this Order.

Dated:  September 30, 2024

_____
Hon. Andrew G. Schopler
United States District Judge